UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10183-CV-KING
CASE NO. 13-10013-CR-KING
MAGISTRATE JUDGE REINHART

AMADO CARDENAS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                          /

**REPORT OF MAGISTRATE JUDGE RECOMMENDING
DENIAL OF MOTION TO VACATE-28 U.S.C. § 2255**

**I. Introduction**

This Cause is before the Court upon Movant Amado Cardenas' ("Movant") *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). [CV ECF No. 1].[1] Movant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and being a felon in possession of a stolen firearm and ammunition in violation of 18 U.S.C. § 922(j). In the § 2255 Motion, he argues that his convictions should be vacated in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). [*Id.*]. Movant claims he did not acknowledge in the plea colloquy, and there was no proof, that he was aware of his illegal status when in possession of the firearms and ammunitions that resulted in his convictions. [*Id.*]. The Government argues Movant is not entitled to relief because the § 2255

---

[1] Reference in this This Report uses the citation "[ECF]" to refer to "CM/ECF," this Court's electronic docketing system. Citations to "[CV ECF]" refers to the docket entry number(s) in this § 2255 proceeding, and citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

Motion is an unauthorized successive filing, and his *Rehaif* claim is procedurally defaulted or waived. [CV ECF No. 6].

The case has been referred to me for a Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons set forth below, I recommend that the § 2255 Motion be DENIED.

## II. Background

Movant was charged by Second Superseding Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Count 1), and felon in possession of a stolen firearm and ammunition, in violation of 18 U.S.C. § 922(j) and § 2 (Count 3).[2] [CR ECF No. 59]. On July 8, 2014, Movant pleaded guilty as charged without the benefit of a written plea agreement.[3] [CR ECF No. 194]. Prior to sentencing, a Presentence Investigation Report ("PSI") found Movant qualified for an enhancement as an Armed Career Criminal which increased his total adjusted offense level to thirty-one and his criminal history category to VI, resulting in an advisory guideline imprisonment range of 188 months to 235 months of imprisonment. [PSI ¶¶ 26-28, 34, 52, 81]. Because of the Armed Career Criminal enhancement, Movant faced a statutory minimum mandatory term of fifteen years and up to a lifetime term of imprisonment as to Count 1, and a term of zero to ten years of imprisonment as to Count 3. [PSI ¶ 80]. Movant was sentenced to a total term of 170 months of imprisonment, consisting of 170 months of imprisonment as to Count 1, and a concurrent term of 120 months of

---

[2] Movant's co-defendants, Jermaine Lamar Roberts, Patrick Lawrence Stickney, and William John Ray, were also charged with numerous federal offenses. [CR ECF No. 59].

[3] Movant's co-defendants also pleaded guilty, as evidenced by the change of plea proceeding on January 8, 2014. [CR ECF No. 194].

imprisonment as to Count 3.[4]  [CR ECF No. 108 at 2].  The Judgment was entered on January 9, 2014.  [ECF No. 108].  Movant did not appeal.

Instead, in 2016, over two years after entry of Judgment, Movant filed a motion under § 2255 arguing he was entitled to resentencing in light of the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2251 (2015).  *See Cardenas v. United States,* No. 16-10041-CV-KING (S.D. Fla. 2016).  The Government agreed.  The Court vacated the January 8, 2014 criminal judgment in *United States v. Cardenas,* No. l 3- 10013-CR-K1NG, and ordered a resentencing hearing. [16cv10051 CV ECF No. 5].

Prior to resentencing, an Amended PSI was prepared removing the Armed Career Criminal enhancement and lowering the total adjusted offense level to twenty-nine, but the criminal history category VI remained unchanged because of Movant's twenty-one criminal history points.  [PSI ¶¶ 34, 58].  Statutorily, Movant faced a minimum of zero and up ten years of imprisonment for violation as to Counts 1 and 3. [PSI ¶ 88].  Based on a total offense level twenty-nine and a criminal history category VI, Movant had an advisory guideline range of 151 months to 188 months of imprisonment.  [PSI ¶ 89].

Rehearing was scheduled for February 22, 2017.  [CR ECF No. 147].  Counsel waived Movant's appearance, which the Court found to be in Movant's best interest because Movant's appearance "would have required difficult and potentially dangerous inmate travel, and. . . there were no disputes between the United States and the Defendant as to the appropriate sentence." [CR ECF No. 148].  Because of the Government's previously filed motion for reduction in sentence based on substantial assistance, the Court further reduced Movant's base offense level to

---

[4] Movant was eligible for a sentence less than the statutory 15-year mandatory minimum because the Government filed a motion pursuant to § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e).

twenty-five, which reduced the advisory guideline range to a term of 110 months to 137 months of imprisonment. [*Id.*]. The Court then resentenced Movant to two concurrent terms of 120 months of imprisonment, to be followed by three years of supervised release. [*Id.*]. The Order on resentencing was entered on February 27, 2017. [*Id.*]. No direct appeal was prosecuted.

Movant returned to this Court over two years later, filing the current § 2255 Motion, in accordance with the mailbox rule, on October 11, 2019, when he signed and handed it to prison officials for mailing.[5] [CV ECF No. 1 at 10]. The § 2255 Motion was filed within 12 months of the Supreme Court's June 21, 2019, *Rehaif* decision.

### III. Standard of Review

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. Thus, "the grounds for collateral attack in a final judgment pursuant to 28 U.S.C. § 2255, are limited." *Gayle v. United States,* Case No. 19-cv-62904-BLOOM/Reid, 2020 WL 4339359, *3 (S.D. Fla. July 28, 2020). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or the laws of the United States; (2) exceeded its jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States,* 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). So, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004)(per curiam)(citing *Richards v. United States,* 837 F.2d 965, 966 (11th Cir.

---

[5]Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001)(per curiam)(citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999)(per curiam)); Fed. R. App. P. 4(c)(1).

4

1998)(per curiam)(internal quotations omitted))). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.§ 2255(b). The Movant, not the Government, bears the burden of establish that vacatur of the conviction or sentence is required. *See Beeman v. United States,* 871 F.3d 1215, 1221–22 (11th Cir. 2017), *rehearing en banc denied by, Beeman v. United States,* 899 F.3d 1218 (11th Cir. 2018), *cert. denied by, Beeman v. United States,* 139 S.Ct. 1168 (2019)..

### III. Discussion

The thrust of the § 2255 Motion is that Movant's convictions and sentences are invalid and unconstitutional after *Rehaif.* In *Rehaif,* the United States Supreme Court held that, "in a prosecution under . . . § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred form possessing a firearm." *Rehaif,* 139 S.Ct. at 2200. Liberally construing the § 2255 Motion, as afforded *pro se* litigants, Movant alleges that: (1) the Second Superseding Indictment is fatally defective because it did not allege that he knew he was a felon; (2) this omission deprived the Court of jurisdiction over the case; (3) his guilty plea was invalid because the Government did not notify him that it had to prove that he knew he was a felon; and, (4) his convictions no longer qualify as crimes. [ECF No. 1 at p. 6]. In its response, the Government argues Movant is not entitled to relief because the § 2255 Motion is an unauthorized successive filing, and his *Rehaif* claim is procedurally defaulted or waived. [CV ECF No. 6]. Movant has not filed a reply.

A.     **Successive Filing**

The Government first argues that this § 2255 Motion should be dismissed as a second, unauthorized successive filing. [CV ECF No. 6 at 5]. As discussed below, this argument is incorrect.

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, ¶ 8. *See* Rule 9 Governing Section 2255 Motions in the United States District Courts; *see also* 28 U.S.C. § 2255(h). However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successive in time." *Stewart v. United States,* 646 F.3d 856, 859 (11th Cir. 2011)(citing *Panetti v. Quarterman,* 551 U.S. 930, 943-44 (2007)). Also, for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.,* 755 F.3d 1273, 1281 (11th Cir. 2014)(citing *Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1292 (11th Cir. 2007)). A change to a sentence after its imposition can result in a "new judgment" that resets the AEDPA limitations period. *See Insignares,* 755 F.3d at 1281 ("The limitations provisions of AEDPA 'are specifically focused on the judgment which holds the petitioner in confinement,' and resentencing results in a new judgment that restarts the statute of limitations.")(quoting *Ferreira,* 494 F.3d at 1292-93).

As noted above, Movant's first § 2255 motion resulted in the vacatur of his 2014 criminal Judgment and sentences. Following a 2017 resentencing hearing, a new intervening Judgment was entered, which imposed a new, reduced term of imprisonment. *See Magwood v. Patterson,* 561 U.S. 320, 341-42 (2010)(Holding that where "'there is a new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or

successive.'"); *Armstrong v. United States,* No. 18-13041, 2021 WL 405560, *2 (11th Cir. Feb. 5, 2021)(citing *Magwood,* 561 U.S. at 341-42(quoting *Burton v. Stewart,* 549 U.S. 147, 156 (2007)(per curiam); *Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F.3d 1321, 1325 (11th Cir. 2017)(en banc)(applying *Magwood* to a § 2254 petition, but finding that a state consent order eliminating an unlawful component of a petitioner's sentence was not a new judgment)). Although *Magwood* involved a federal habeas petition under 28 U.S.C. § 2254, it also applies to § 2255 Motions. *See Armstrong,* 2021 WL 405560 at *2 (citations omitted). Because Movant filed the current § 2255 Motion challenging a new Judgment authorizing his present confinement, it is not a "second or successive" petition, regardless of whether the claims challenge the sentence or the underlying conviction. *See Insignares,* 755 F.3d at 1281.

**B.**     *Rehaif* **Claim**

Movant asserts his convictions and sentences must be vacated due to the United States Supreme Court's *Rehaif* decision. [CV ECF No. 1]. In response, the Government argues the claim is procedurally defaulted, and even if not procedurally defaulted, Movant has waived the issue when he entered a knowing and voluntary plea. [CV ECF No. 6 at pp. 8-11].

1.     *Retroactivity of Rehaif*

First, Movant's *Rehaif* claim is not retroactively applicable to cases on collateral review because it did not announce a new rule of constitutional law, but rather clarified the requirements for prosecution under 18 U.S.C. § 922(g). *See Young v. United States,* No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020)(affirming denial of § 2255 motion as time-barred because *Rehaif* did not constitute a new right made retroactively applicable to cases on collateral review)(citing *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019)(denying request for leave to file second or successive § 2255 Motion based on *Rehaif* on the basis *Rehaif* did not create a

constitutional rule retroactively applicable on collateral review)); *United States v. Johnson,* No. 19-15046, 2021 WL 126734, *3 (11th Cir. Jan. 14, 2021)(per curiam)(affirming denial of motion to appoint counsel to file § 2255 Motion raising *Rehaif* claim)(citing *In re Palacios,* 931 F.3d at 1315)); *In re Price,* 964 F.3d 1045, 1049 (11th Cir. 2020)(holding that "*Rehaif* did not announce a new rule of constitutional law").

    2.    *Lack of Jurisdiction*

Second, Movant's suggestion that his *Rehaif* claim raises a jurisdictional error is without merit. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992)(per curiam). When a § 2255 Motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). Movant's allegation that the indictment failed to allege the knowledge-of-status element to support a § 922 conviction is a non-jurisdictional defect that was waived by the entry of an unconditional guilty plea. *See United States v. Hutchinson,* 815 F. App'x 422, 424 (11th Cir. 2020)(per curiam)(citing *United States v. Moore,* 954 F.3d 1322, 1336-37 (11th Cir. 20020); *Brown,* 752 F.3d 1344, 1347 (11th Cir. 2014)). Before accepting a guilty plea, district courts must ensure address three "core principles," ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. *See United States v. Moriarty,* 429 F.3d 1012, 1019 (11th Cir. 2005)(per curiam)(citing *United States v. Jones,* 143 F.3d 1417, 1418-19 (11th Cir. 1998)(per curiam); see also Fed. R. Crim P. 11.

Careful review of the change of plea proceedings confirms that Movant's plea was knowing and voluntary. [CR ECF No. 194]. Movant has not alleged, let alone demonstrated, that but for the *Rehaif* error, he would not have pleaded guilty and would have proceeded to trial. *See Reed v. United States,* 792 F. App'x 676, 677 (11th Cir. 2019)(citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). Moreover, the record refutes any suggestion that he was unaware of his status as a convicted felon. At the May 28, 2013 detention hearing, Movant was present when the government proffered that he had numerous arrests and convictions. *See* [CR ECF No. 28 at p. 9]. In deciding to pre-trial detain Movant pending trial, the Court commented that Movant had an "exceptionally long criminal record," including prior convictions "for burglary, drugs, and escape." [*Id.* at p. 22]. At his change of plea hearing, Movant agreed he was pleading guilty to Counts 1 and 3 charging him with knowingly possessing firearms and ammunition in and affecting interstate and foreign commerce after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year. [CR ECF No. 194 at pp. 5-6]. Also, the initial PSI determined that Movant had numerous prior felony convictions, including: (1) possession with intent to sell or deliver cocaine (Case No. F95-004873B), (2) possession with intent to sell cocaine (Case No. CFK-04-448), and (3) burglary of a dwelling (Case No. 2009-CF-00432-A-K). [PSI ¶ 7]. No objections thereto were filed, nor has Movant alleged he disputed the validity of these prior convictions at the time of sentencing or resentencing. The Eleventh Circuit has made clear that the omission of the knowledge element from a felon-in-possession indictment does not deprive the court of jurisdiction over the offense filed before *Rehaif* even where the indictment failed to charge the knowledge-of-status elements. *See United States v. McLellan,* 958 F.3d 1110, 1118 (11th Cir. 2020). Thus, Movant has not shown that the Court lacked jurisdiction over the offenses.

Even if Movant's argument raises a claim that the court lacked subject matter jurisdiction over the offenses, because an essential element of an offense was omitted, such a claim warrants no relief. It is true that challenges to a court's subject matter jurisdiction cannot be waived or procedurally defaulted. *See United States v. Peter,* 310 F.3d 709, 712-13 (11th Cir. 2002)(per curiam). However, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "A jurisdictional defect occurs only where a federal court lacks power to adjudicate at all." *United States v. Maldenaldo Sanchez,* 269 F.3d 1250, 1273, n.45 (11th Cir. 2001)(en banc)(citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998)(describing subject matter jurisdiction as "the court's statutory or constitutional power to adjudicate the case")). This Court did have subject matter jurisdiction over the offenses, so that Movant's argument is devoid of merit. In every criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides that "the district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This standard is "not demanding." *Moore,* 954 F.3d at 1333. To invoke federal subject matter jurisdiction, an indictment need only "charge[] the defendant with violating a valid federal statute." *Brown,* 752 F.3d at 1354 (citing *Alikhani v. United States,* 200 F.3d 732, 734-35 (11th Cir. 2000)(per curiam)). The Second Superseding Indictment charged Movant with violating federal statutes, because it stated that he violated 18 U.S.C. § 922(g)(1), § 922(j), § 924(e), and § 2. [CR ECF No. 59]. The Second Superseding Indictment was clearly sufficient prior to *Rehaif.* While the Second Superseding Indictment does not allege that Movant was aware of his status as a felon at the time he possessed the firearms, the text of § 922(g) and § 922(j) contains no such requirement. In *Rehaif,* the United States Supreme Court interpreted the statutory language of § 922(g) as requiring a defendant to have knowledge

10

of his status as a felon. *See Moore,* 954 F.3d at 1333. "Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous." *Id. Rehaif* did not suggest that § 922(g) is not a valid federal statute and the Eleventh Circuit has held otherwise. *See United States v. Bates,* 960 F.3d 1278, 1284, 1294-95 (11th Cir. 2020)(affirming § 922(g)(1) conviction after *Rehaif* even though indictment did not allege defendant knew he was a felon and holding that this omission was not jurisdiction because § 922(g) is a "valid federal statute")(citation and internal quotation marks omitted). Consequently, Movant's Second Superseding Indictment was sufficient to invoke the Court's subject matter jurisdiction.

3. *Procedural Default*

Third, the Government's argument that Movant's *Rehaif* claim is procedurally defaulted is meritorious. Because a § 2255 Motion is not a substitute for a direct appeal, issues which could have been, but were not raised on direct appeal are procedurally defaulted unless the Movant can demonstrate one of the following exceptions: (1) "cause" for the default and "actual prejudice" from the asserted *Rehaif* error; or, (2) actual innocence. *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Fordham v. United States,* 706 F.3d 1345, 1349 (11th Cir. 2013).

(a) <u>Cause and Prejudice</u>. Under the first exception, "the 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome,* 953 F.2d 1252, 1258 (11th Cir. 1992)(per curiam)(citation omitted). Cause can be demonstrated where a "'claim is so novel that its legal basis is not reasonable available to counsel[.]'" *Bousley,* 523 U.S. at 622-23 (citing *Reed v. Ross,* 468 U.S. 1, 16 (1984)). In contrast,

11

a claim is not novel when counsel makes a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building block of the claim were available to counsel." *United States v. Bane,* 948 F.3d 1290, 1297 (11th Cir. 2020)(citations omitted). "Actual prejudice" requires Movant to demonstrate that the *Rehaif* error "worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Brown v. United States,* 720 F.3d 1316, 1333 (11th Cir. 2013)(citation omitted)(finding a guilty plea admits all of the elements of a formal criminal charge; and, as such, waives all nonjurisdictional defects in the proceedings).

As applied, "*Rehaif* was not truly novel in the sense necessary to excuse the procedural default." *See United States v. Innocent,* 977 F.3d 1077, 1084 (11th Cir. 2020)(citation and internal quotation marks omitted). Rather, the issue Movant's *Rehaif* claim presents has been "repeatedly and thoroughly litigated in the court of appeals for decades." *See Dawkins v. United States,* No. 17-CR-80095, 2020 WL 4936978, *3 (S.D. Fla. Aug. 24, 2020)("Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decades.")(citing *Bousley,* 523 U.S. at 622); *Innocent,* 977 F.3d at 1084 (citation and internal quotation marks omitted) (finding *Rehaif* was not truly novel in the sense necessary to excuse a procedural default). Further, most appellate courts to have considered the issue have rejected claims of structural error arising from *Rehaif* error. *See United States v. Haynes*, 798 F. App'x. 560, 565 (11th Cir. 2020)(per curiam)(rejecting claim of structural error); *United States v. Coleman,* 961 F.3d 1024, 1029–30 (8th Cir. 2020) (holding on direct appeal that plea based on a *Rehaif* error is not a structural error); *United States v. Lavalais,* 960 F.3d 180, 184 (5th Cir. 2020) (defendants claiming *Rehaif* error must show the error actually prejudiced the outcome). Thus, Movant has not shown cause and prejudice arising from the procedural default of his *Rehaif* claim.

(b).     Actual Innocence.  Under the second exception to the procedural default, Movant must establish that he is actually innocent.  *See Bousley,* 523 U.S. at 623.  To establish actual innocent, Movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*  "[A]ctual innocence means factual innocence, not mere legal insufficiency."  *Id.* (citation omitted).  Movant has not pointed to any evidence showing that it is more likely than not that no reasonable juror would have found that Movant knew he was a felon.  *See Mize v. Hall,* 532 F.3d 1184, 1195 (11th Cir. 2008)(habeas petition bears the burden of "establish[ing] actual innocence under the fundamental miscarriage of justice exception to the procedural default doctrine").

At the change of plea proceeding, Movant acknowledged and understood the Government's factual proffer, which revealed, as follows.  [CR ECF No. 194 at pp. 12-14].  Between April 12 and April 15 of 2013, Movant was involved in a burglary of an RV on Stock Island where numerous firearms and ammunition were stolen, including at least two assault rifles.  [*Id.* at p. 12].  At the same time, law enforcement learned Movant had been seen in possession of "another stolen black assault rifle." [*Id.* at p. 13].  Surveillance video was revealed Movant took the stolen black assault rifle to a warehouse complex where co-defendant William John Ray lived, leaving it with Ray.  [*Id.*].

Movant later brought two of the stolen firearms from the RV to the residence of his co-defendant Patrick Lawrence Stickney.  [*Id.*].  At the time, both Stickney and co-defendant Jermaine Lamar Roberts resided together.  [*Id.*].  Both co-defendants knew or had reason to believe when they took possession of ten of the firearms and ammunition that they were stolen. [*Id.*].  On April 15, 2013, law enforcement observed Roberts in possession of two of the firearms which were transferred to a third party, who was later arrested in possession of the stolen firearms. [*Id.* at pp.

12-13]. A controlled purchased was also done of the remaining eight firearms from Roberts and Stickney. [*Id.* at p. 13]. Further, at his change of plea, Movant understood and acknowledged the charges as to Counts 1 and 3 of the Second Superseding Indictment, including the fact that he was charged with possessing firearms and ammunition after having been convicted and adjudicated a felon in an earlier case. [*Id.* at p. 6].

4.   *Conclusion.*   For all of the foregoing reasons, Movant's *Rehaif* claim is not retroactively cognizable on collateral review and is procedurally defaulted from review. *See Bousley* 523 U.S. at 622; *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

### IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Jackson v. United States,* 875 F.3d 1089, 1090 (11th Cir. 2017)(per curiam)(citing 28 U.S.C. § 2253(c)(1)); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). A Certificate of Appealability should issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Where a district court has rejected a movant's constitutional claims on the merits, a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, applying these

principles, no certificate of appealability should issue. If Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

### V. Conclusion

It is therefore **RECOMMENDED** that:

1. Movant's § 2255 Motion [ECF No. 1] be **DENIED**;

2. Judgment be entered in favor of Respondent;

3. No Certificate of Appealability issue; and,

4. This Case be **CLOSED.**

**A** party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable James Lawrence King, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this ___25th___ day of February, 2021.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

cc:
Amado Cardenas, *Pro Se*
Reg. No. 03288-104
F.C.I. - Coleman (Med.)
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521

Leila Babaeva, AUSA
U.S. Attorney's Office
Department of Justice
Major Crimes Section
99 N.E. 4th Street
Miami, FL 33132
Email: Leila.Babaeva@usdoj.gov